

U.S. Department of Justice

*United States Attorney*
*Western District of Tennessee*

*800 Federal Building*      *Telephone 901.544.4231*
*167 North Main Street*     *Facsimile: 901.544.4230*
*Memphis, Tennessee 38103*

July 25, 2022

Ms. Serena Gray
200 Jefferson Avenue
Suite 200
Memphis, Tennessee 38103

**Re:  United States v. Luther Hackman**
     **Criminal Case Number 2:22-cr-20157-MSN**

Dear Ms. Gray:

     I received your letter dated July 10, 2022, requesting discovery in the above-referenced matter.  As you may already know, the United States is now using an Internet-based file exchange program to provide most discovery materials to opposing counsel.  This file exchange program, known as USAfx, will allow you to preview and download discovery documents associated with this case via the Internet.  An invitation to access the USAfx files in this case has been emailed to you at the email address you provided to the district court.  **You must download the files through USAfx within 60 days**.  **After 60 days, the discovery is automatically removed from the cloud**.  Therefore, I encourage you to download the documents as soon as possible.  If you have any trouble accessing the materials or if you have not yet received your email invitation, please contact me immediately at the number listed below.

     In response to your discovery request, the United States responds as follows:

1.    As to Rule 16(a)(1)(A) – (G) of the Federal Rules of Criminal Procedure,
   a. 16(a)(1)(A), Defendant's oral statement: See BSN 19-23 and audio recording of interview(s).  See also recorded conversations with the UC and CI.
   b. 16(a)(1)(B), Defendant's written statement: N/A
   c. 16(a)(1)(D), Defendant's prior record: See BSN 242-252.
      i. Also, as to Rule 16(a)(1)(D), Pre-trial services should also provide you with a copy of your client's criminal record.
   d. 16(a)(1)(E), Documents and tangible items. See BSN 1-329.

      i. See also cell phone extractions (on jump drive).
- e. 16(a)(1)(F) and (G): HSI agents recovered controlled substances in this case. The aforementioned controlled substances have been submitted to the laboratory for analysis and the reports are included in your discovery (See BSN 26-27). Furthermore, the United States plans to call a chemist to testify as an expert witness with regards to the series of tests performed on the controlled substances recovered in this matter.

2. Please be advised that the United States may seek to introduce evidence under Rule 404(b) should this matter proceed to trial. If the United States does seek to introduce this evidence, it will comply with the notice requirements of Rule 16 and provide you with the requisite information. The United States will advise you if this position changes.

3. Regarding items seized by officers from the Defendant, See BSN 1-25.

4. No electronic surveillance.

5. *Brady* material: the United States is aware of its continuing obligation to make any exculpatory evidence available in a timely manner, should it exist.

6. There have been no promises or inducements made to government witnesses for the purpose of obtaining testimony.

7. The United States hereby requests any and all reciprocal discovery to which it may be entitled pursuant to Fed. R. Crim. P. 16(b) and applicable case law. Please consider this request for reciprocal discovery a continuing request under Rule 16.

Sincerely,

JOSEPH C. MURPHY, JR.
United States Attorney

By:   /s/Jennifer Musselwhite
Jennifer Musselwhite
Assistant United States Attorney

Enclosures
cc: United States District Court Clerk